J-S17041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| VICTOR E. BROWN, JR., | : | |
| | : | |
| Appellant | : | No. 1491 EDA 2016 |

Appeal from the PCRA Order April 25, 2016
in the Court of Common Pleas of Chester County,
Criminal Division, No(s):  CP-15-CR-0000621-1980

BEFORE:  OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 01, 2017**

Victor E. Brown, Jr. ("Brown"), appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In July 1980, a jury found Brown guilty of second-degree murder and related offenses, after his vehicle struck and killed a Pennsylvania State Trooper stationed at a roadblock, following a police chase, on April 17, 1980.[1]  Relevant to the instant appeal, Brown was twenty-three years of age at the time of the crime.  In March 1982, the trial court sentenced Brown, in pertinent part, to life in prison for the murder conviction, applying the

---

[1] Two criminal cases were initiated against Brown in 1980 in Chester County. The first case was initiated on the date of the crime, April 17, 1980, and docketed at CP-15-CR-621-1980 (hereinafter "Case No. 621").  The second case was initiated on May 12, 1980, and docketed at CP-15-CR-989-1980 (hereinafter "Case No. 989").  On December 31, 1980, all of the charges at Case No. 989 were *nolle prossed*.  Accordingly, all of Brown's convictions are under Case No. 621.

mandatory life sentence found in 18 Pa.C.S.A. § 1102(b). This Court affirmed Brown's judgment of sentence. *See Commonwealth v. Brown*, 504 A.2d 360 (Pa. Super. 1985) (unpublished memorandum).

Brown filed his first PCRA Petition, *pro se*, in May 2012. The PCRA court appointed Brown counsel, who thereafter filed a Petition to Withdraw as Counsel, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel's Petition to Withdraw, and dismissed Brown's PCRA Petition in July 2013. Brown did not appeal.

On March 18, 2016, Brown filed a second, *pro se* PCRA Petition, under an incorrect docket number, Case No. 989, asserting that his mandatory sentence of life in prison was rendered unconstitutional by recent United States Supreme Court decisions. The PCRA court later issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition without an evidentiary hearing. Brown filed a *pro se* Response to the Rule 907 Notice. By an Order entered on April 25, 2016, the PCRA court dismissed Brown's Petition,[2] after which Brown filed a timely *pro se* Notice of Appeal.

On July 25, 2016, Brown refiled an identical PCRA Petition under the correct docket number, Case No. 621. On October 4, 2016, the PCRA court

---

[2] In support of the dismissal, the PCRA court issued a Pa.R.A.P. 1925(a) Opinion, stating that Brown was not entitled to collateral relief because he had no convictions at Case No. 989.

issued a supplemental Pa.R.A.P. 1925(a) Opinion (filed under both case nos. 621 and 989), stating that, in the interest of judicial economy, the court would deem Brown's prior PCRA Petition, filed on March 18, 2016 (at Case No. 989), to be appropriately filed at the correct docket number, Case No. 621.

To avoid further delay and the possibility of unproductive duplication of effort, in the interest of judicial economy, we shall "regard as done that which ought to have been done," and consider this appeal as being filed at Case No. 621, and timely taken from the April 25, 2016 Order dismissing Brown's PCRA Petition.[3]  **Accord Commonwealth v. Allen**, 420 A.2d 653, 654 n.3 (Pa. Super. 1980) (where the trial court order from which the defendant appealed had not been entered on the trial court's docket, declining to quash the appeal "[i]n the interest of judicial economy, [and] we shall exercise our power under Pa.R.A.P. 105(a) and regard as done that which ought to have been done."); **see also** Pa.R.A.P. 105(a) (permitting an appellate Court to disregard requirements of the appellate rules in the interest of expediting a decision).

Brown has failed to include in his *pro se* brief a statement of questions involved, as required by Pennsylvania Rules of Appellate Procedure 2111(a)(4) and 2116(a).  However, we will overlook this defect, as we can discern Brown's issue from the Argument section of his brief.  **See, e.g.,**

---

[3] We observe that the Commonwealth does not contest the procedural propriety of this appeal.

***Bailey v. Storlazzi***, 729 A.2d 1206, 1210 (Pa. Super. 1999) (stating that an appellant's failure to include issues in statement of questions presented "may be overlooked where [an] appellant's brief suggests the specific issue to be reviewed and appellant's failure does not impede our ability to address the merits of the issue.").

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. ***Id.***

Any PCRA petition must be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, Brown concedes that his instant PCRA Petition is facially untimely, as it was filed 29 years after December 1986, when his judgment of sentence became final.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." ***Id.*** § 9545(b)(2); ***Albrecht***, 994 A.2d at 1094.

Here, Brown cites the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), and invokes the newly-recognized constitutional right exception codified at 42 Pa.C.S.A. § 9545(b)(1)(iii). Brief for Appellant at 9.[4]  In ***Miller***, the Court held that sentencing schemes that mandate life in prison without parole for defendants who committed their crimes while **under the age of eighteen** violate the Eighth Amendment's prohibition on "cruel and unusual punishments."  ***Miller***, 132 S. Ct. at 2460.  The Court reasoned that in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment.  ***Id.*** at 2469.[5]

Nevertheless, Brown argues that the right espoused in ***Miller*** should apply to him even though he was 23 years of age at the time of the murder. Brief for Appellant at 7-8, 9.  Brown cites a medical journal article, titled *Adolescent Maturity and the Brain: The Promise and Pitfalls of Neuroscience Research in Adolescent Health Policy*, which purportedly states that "[t]he frontal lobes [of the brain], home to key components of the neural circuitry underlying executive functions such as planning, working memory, and impulse control, … are the last areas of the brain to mature; they may not

---

[4]  Though Brown does not expressly invoke the exception at section 9545(b)(1)(iii) in his brief, he invoked it in his PCRA Petition.

[5] In ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016), the United States Supreme Court held that its decision in ***Miller*** applies retroactively.  ***Id.*** at 736.

be fully developed until halfway through the third decade of life." Brief for Appellant at 7 (emphasis omitted).

This Court has already rejected this precise argument. Specifically, in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013), the co-appellants, who were 19 and 21 years old, respectively, at the time of their crimes (for which they received sentences of life in prison), argued that **Miller** applied to them because the human brain does not fully develop until the age of 25, and because "it would be a violation of equal protection for the courts to treat [the co-appellants,] or anyone else with immature brains, as adults." **Id.** at 764. This Court rejected these claims, emphasizing that the co-appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." **Id.** (emphasis in original); **see also Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (reaffirming **Cintora's** holding).

Thus, based on **Cintora** and **Furgess**, the rule announced in **Miller** does not apply to Brown, who was not a juvenile at the time of the murder. Accordingly, Brown has failed to establish the exception of section 9545(b)(1)(iii) to overcome the untimeliness of his second PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2017